UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: AMERICAN BRIDGE PRODUCTS, INC., ) <br> ) <br> Debtor. ) <br> ) <br> LYNNE F. RILEY, Chapter 7 Trustee of ) <br> American Bridge Products, Inc., ) <br> ) <br> Plaintiff-Appellee, ) <br> ) <br> v. ) <br> ) <br> NICHOLAS J. DECOULOS, ESQ. and ) <br> DECOULOS & DECOULOS, ) <br> ) <br> Defendants-Appellants.) | Civil Action No. 06-10016-GAO <br><br> (Chapter 7 Case No. 96-16620 <br><br><br><br><br><br><br><br> Adv. Proc. No. 00-1142) |

ORDER
June 22, 2010

O'TOOLE, D.J.

For the following reasons, the Motion to Alter or Amend the Judgment (dkt. no. 22) is DENIED.

Federal Rule of Civil Procedure 59(e) requires motions to alter or amend the judgment to be made to the trial court within twenty-eight days of the entry of judgment. This Court is not the trial court and the trial court entered judgment more than 1700 days ago. Even if a Rule 59(e) motion could be entertained, the defendant's motion raising new legal arguments as to why receivers cannot be held liable for negligence lacks merit. A Rule 59(e) motion "may not be used to argue a new legal theory." F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge